UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY DARBUT,

       Plaintiff,

    v.                                                                    Civil No. 06-627-HA

THREE CITIES RESEARCH, INC.;                          OPINION AND ORDER
COE FUNDING, INC.; THE COE
MANUFACTURING COMPANY;
COE NEWNES/McGEHEE INC.; COE
NEWNES/McGEHEE CORPORATION; and
COE NEWNES/McGEHEE (2006) LLC,
all foreign business corporations,

       Defendants.

_____

HAGGERTY, Chief Judge:

      Plaintiff Jeffrey Darbut (plaintiff) brings an Amended Complaint against defendants

asserting four claims.  At issue presently are defendants' challenges to the first two claims.

Plaintiff's first claim arises under Oregon's "whistleblower" statute (O.R.S. 659A.230), and the second claim is a common law claim for wrongful discharge.

Defendants move to dismiss plaintiff's whistleblower and wrongful discharge claims for failure to state a claim upon which relief can be granted. Alternatively, defendants move to strike certain allegations in those claims that are allegedly irrelevant.

Oral argument on this Motion is deemed unnecessary. For the following reasons, defendants' motion [10] is denied.

## ANALYSIS

Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim" that would entitle plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). For the purposes of a motion to dismiss, the Complaint must be construed liberally in favor of the plaintiff, and the Complaint's allegations accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). Accordingly, a motion to dismiss for failure to state a claim may be granted only if, accepting all well-pled allegations in the Complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Id*.

Here, plaintiff's first claim is brought under Oregon's "whistleblower" statute. *See* O.R.S. 659A.230. Plaintiff alleges that defendants withheld payments to him, breached an employment contract, and terminated him "based in substantial part on plaintiff's reports of conduct by defendants that plaintiff reasonably believed could constitute violations of criminal law. . . ."

2 - OPINION AND ORDER

Amended Complaint at 11. The possible violations alleged include conspiracy to defraud the

United States, making false statements to government agencies, and criminal tax violations. *Id*.

Relevant passages of Oregon's "whistleblower" statute provide:

> It is an unlawful employment practice for an employer to
> discharge, demote, suspend or in any manner discriminate or
> retaliate against an employee with regard to promotion,
> compensation or other terms, conditions or privileges of
> employment for the reason that the employee has in good faith
> reported criminal activity by any person, has in good faith caused a
> complainant's information or complaint to be filed against any
> person, has in good faith cooperated with any law enforcement
> agency conducting a criminal investigation, has in good faith
> brought a civil proceeding against an employer or has testified in
> good faith at a civil proceeding or criminal trial.

O.R.S. 659A.230(1).

Defendants' challenge of plaintiff's whistleblower claim focuses upon the scope of

plaintiff's "reporting" activities. Taking plaintiff's allegations as true, as this court must for

purposes of resolving defendants' motion, plaintiff was hired by defendants on September 7,

2004, to serve as the Chief Financial Officer of defendant The Coe Group and each of the co-

defendant subsidiaries. Plaintiff was terminated on February 21, 2006. Plaintiff's duties

included preparing financial statements and tax returns.

During 2004 and 2005, plaintiff objected to a number of defendants' financial and

accounting practices. Plaintiff reported regularly to an associate of co-defendant Three Cities

Research (TCR), Frederico Schiffrin, (Schiffrin), and defendants' boards of directors. Together,

TCR and the Board of Directors for The Coe Group directed plaintiff's employment duties.

In late 2005 and early 2006, plaintiff advised Schiffrin and the defendants' boards of

directors that their tax returns for 2004 were inaccurate, illegal, and needed to be amended. In

early 2006, plaintiff advised Schiffrin and the boards of directors that he would be compelled to

file a report with the Internal Revenue Service (IRS) if amendments were not filed.  Plaintiff also

asserted that defendants' tax returns for 2005 needed amendment.  Plaintiff "demanded an

appropriate reporting" that would trigger amended tax filings, and declared that he would not

sign the tax returns for co-defendant Coe Newnes/McGehee, Inc.

Defendants terminated plaintiff in February 2006.  In March 2006, plaintiff reported

defendants' 2004 tax errors to the IRS.

Defendants seek dismissal of plaintiff's whistleblower claim on grounds that plaintiff

never initiated any formal report of improper conduct to the IRS until after plaintiff's

employment had already been terminated.  Although plaintiff alleges that before his termination

he made reports of wrongdoing to supervisors and boards of directors, defendants contend that

this court should conclude as a matter of law that these "internal" reports are not protected under

Oregon's whistleblower statute.

This court applies the framework for federal retaliation claims brought under § 704(a) of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), to actions asserted under the

Oregon whistleblower statute.  *Carlton v. Marion Co.*, No. 03-6202, 2005 WL 1113836, *4 (D.

Or. May 9, 2005) (citing *Lakeside-Scott v. Multnomah Co.*, No. 02-1505, 2004 WL 1068796, *9

(D. Or. May 11, 2004) and *Ryan v. Patterson Dental Supply, Inc.*, No. 98-1177, 2000 WL

640859, *28 (D. Or. May 12, 2000)).  To establish a *prima facie* case of retaliation under federal

law, a plaintiff must demonstrate that: (1) he or she was engaging in a protected activity (i.e.,

made a protected disclosure), (2) he or she suffered an adverse employment decision, and (3)

there was a causal link between the plaintiff's protected activity and the adverse employment

decision suffered.  *Trent v. Valley Elec. Ass'n, Inc.*, 41 F.3d 524, 526 (9th Cir. 1994) (citations omitted)).

The plaintiff must also show that the protected activity was the "likely reason" for the adverse employment action.  *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

This court in *Carlton* acknowledged that Oregon courts have not provided a clear definition of what constitutes a protected "disclosure" under the whistleblower statute.  *Carlton*, 2005 WL 1113836, at *4 (citing *Young v. State*, 47 P.3d 926 (Or. App. 2002)). However, because the Oregon whistleblower statute is patterned closely to the federal Whistleblower Protection Act (WPA), federal cases construing the WPA are "persuasive in determining what type of information constitutes a 'disclosure.'"  *Id*.; *see also Lakeside-Scott*, 2004 WL 1068796, at *10,  n.2 (decisions by federal courts concerning the WPA are helpful in defining the sufficiency of a disclosure).

The *Carlton* court acknowledged that generally, disagreement between managers over a debatable matter of internal policy falls short of being a protected disclosure.  *Id*.(quoting *Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 890 (9th Cir. 2004) (internal quotation marks omitted).  Similarly, this court has concluded that conversations between employees, or even comments made to supervisors, may fail to satisfy the Oregon statute's requirement that there be a "report of criminal activity" before whistleblower protection is invoked.  *Ransom v. HBE Corp.*, No. 00-461, 2001 WL 1386134, *6 (D. Or. May 17, 2001) (Oregon's whistleblower statute is not meant to protect "persons who simply discussed an incident with those people who were witnesses to the incident themselves").

Conversely, the *Lakeside-Scott* court recognized that the Federal Circuit addressed "this precise issue" and concluded that "reports of wrongdoing to supervisors are protected if made to a person in a supervisory position, other than the wrongdoer himself. . . ." *Lakeside-Scott*, 2004 WL 1068796, at *10 n.2 (citing *Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341, 1351 (Fed. Cir. 2001) (internal quotation marks omitted).

Here, plaintiff alleges that he made numerous disclosures regarding possible criminal activity to defendants' boards of directors. While there are significant questions and possible issues of fact regarding plaintiff's duties, the extent of the disclosures, and the causal connections between plaintiff's disclosures and his termination, this court cannot now determine as a matter of law that plaintiff's disclosures, as alleged, are not entitled to protection under Oregon's whistleblower statute. Accordingly, defendants' motion to dismiss that claim must be denied.

Plaintiff's second claim asserts wrongful discharge. A wrongful discharge claim has two elements: "there must be a discharge, and that discharge must be 'wrongful.'" *Moustachetti v. Oregon*, 877 P.2d 66, 69-70 (Or. 1994) (citing *Nees v. Hocks*, 536 P.2d 512 (Or. 1975)). A wrongful discharge is a discharge for reasons that contravene public policy and is a limited exception to Oregon's at-will employment doctrine. *Nees*, 536 P.2d at 515.

Generally, Oregon courts have allowed wrongful discharge tort actions in two situations: (1) when an employee is fired for performing an important duty or societal obligation, or (2) when an employee is fired for exercising statutory rights that relate to the employment and that reflect an important public policy. *Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1062 (Or. 2002) (citations omitted). Whether a public duty exists is a question of law. That determination requires a court to find a public duty, and not create one, using "constitutional or statutory

provisions or the case law of this or other jurisdictions." *Id.*; *see also Banaitis v. Mitsubishi Bank, Ltd.*, 879 P.2d 1288, 1294 (Or. App. 1995).

Defendants contend that this court should conclude as a matter of law that, even assuming plaintiff's allegations are true, plaintiff provides no possible basis for sustaining a wrongful discharge claim. This court disagrees. The facts alleged by plaintiff, taken as true, distinguish this case from the authorities relied upon by defendants in support of their motion to dismiss.

In *Babick*, the Oregon Supreme Court considered whether security guards raised a viable wrongful discharge claim after being terminated for arresting concert patrons who were using illegal substances. The Oregon Supreme Court found that the guards' reliance upon general criminal statutes reflecting a public policy against crime and in favor of community safety and order failed to establish "some substantial public duty" that compelled the conduct that allegedly triggered plaintiffs' discharge." *Babick*, 40 P.3d at 1063.

This court has also recognized that "generally speaking, a report of wrongdoing within a company does not implicate an important public policy." *Ryan*, 2000 WL 640859, at *27. In *Ryan*, the plaintiff complained of an inventory problem in her office and asserted that an important public policy existed regarding the accurate reporting of financial information by publicly traded companies, such as her employer. Specifically, plaintiff described her concerns, which she raised to her supervisors, as implicating possible violations of 15 U.S.C. § 78ff(a), which prohibits the filing of false statements with the federal Securities Exchange Commission, and 18 U.S.C. § 1001(a), which prohibits false statements to the government. The court found those allegations did not "rise to the necessary level of public importance to support Ryan's

claims." *Id.* This conclusion rested largely upon the reasoning in *Sieverson v. Allied Stores Corp.*, 776 P.2d 38, 40 (Or. App. 1989), which held that "a report of suspected wrongdoing within a private corporation . . . does not involve interests of public importance equal or analogous to those that have been recognized as constituting the tort [of wrongful discharge]."

However, plaintiff's allegations, taken as true here, refer to greater societal or public duties placed on him by reason of his employment than those duties performed by the plaintiffs in *Babick*, *Ryan*, and *Sieverson*. These duties include ensuring his employers' compliance with federal tax laws, preparing and filing accurate tax returns, facilitating the payment of proper tax assessments, and discouraging or preventing false or erroneous tax filings. Plaintiff alleges that his employers sought to contravene these duties.

As asserted presently, plaintiff was exercising statutory rights that related to his employment and that reflected an important public policy specifically related to his employment – compliance with federal tax laws. Oregon courts have recognized viable wrongful discharge claims from employees who performed work duties specifically implicated by state or federal law. The plaintiff in *Banaitis* was a bank employee who refused to disclose a customer's confidential financial information, and was found to have engaged in a public duty sufficient to withstand a motion to set aside a verdict for wrongful discharge. *Banaitis*, 879 P.2d at 1295. In *Anderson v. Evergreen Int'l Airlines, Inc.*, 886 P.2d 1068 (Or. App. 1994), the plaintiff was fired for refusing to violate federal safety regulations. The plaintiff refused demands that he remove good replacement aircraft parts and install defective parts. *Id*. at 1072-73. "Significant in both *Banaitis* and *Anderson* is that those plaintiffs had important societal or public duties placed on

8 - OPINION AND ORDER

them by reason of their employment that their employers sought to contravene." *Lively v. Wash. Inventory Serv., Inc.*, No. 02-1363, 2004 WL 3090165, *4-5 (D. Or. Dec. 31, 2004).

This court cannot conclude as a matter of law presently that plaintiff here, serving as defendants' Chief Financial Officer with direct responsibilities regarding defendants' compliance with this country's tax regulations, did not have similarly important public duties to perform by reason of his employment. Accordingly, plaintiff's allegations that defendants sought to contravene plaintiff's attempts to fulfill the public duties required of a Chief Financial Officer by applicable tax codes are sufficient to withstand defendants' motion to dismiss plaintiff's claim for wrongful discharge. Relatedly, defendants' alternative arguments seeking to strike plaintiff's allegations made in support of his whistleblower and wrongful discharge claims are also rejected.

## CONCLUSION

After accepting all well-pled allegations in the Complaint as true, and viewing them in a light most favorable to plaintiff, this court is compelled to conclude that plaintiff's allegations are sufficient to withstand defendants' motion to dismiss plaintiff's claim brought under Oregon's whistleblower statute and plaintiff's claim for wrongful discharge. Relatedly, defendants' alternative arguments seeking to strike plaintiff's allegations made in support of his whistleblower and wrongful discharge claims are also rejected. Accordingly, defendant's Motion to Dismiss [10] is denied.

IT IS SO ORDERED.

Dated this __12__ day of February, 2007.

9 - OPINION AND ORDER

    /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

10 - OPINION AND ORDER