UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY DARBUT,

        Plaintiff,

   v.                                              Civil No. 06-627-HA

THREE CITIES RESEARCH, INC.;          AMENDED OPINION
COE FUNDING, INC.; THE COE            AND ORDER
MANUFACTURING COMPANY;
COE NEWNES/McGEHEE INC.; COE
NEWNES/McGEHEE CORPORATION; and
COE NEWNES/McGEHEE (2006) LLC,
all foreign business corporations,

        Defendants.

HAGGERTY, Chief Judge:

      Due to a typographical error in the signature line of the original Opinion and Order, that Opinion and Order is VACATED and this Amended Opinion and Order is filed and docketed as the record of the action. No other changes are presented in this amended Opinion and Order. Since this court's Opinion and Order denying defendants' Motion to Dismiss, the parties have engaged in complex discovery as well as efforts to streamline the claims and counterclaims at issue. There are indications that efforts to resolve this action may have been at least partially

1 - AMENDED OPINION AND ORDER

successful, and several motions have remained pending while discovery and settlement efforts were undertaken. This ruling addresses those pending motions.

**BACKGROUND SUMMARY**

The following description highlights aspects of the parties' relationships that have given rise to this suit. Taking plaintiff's allegations as true, plaintiff was hired by defendants on September 7, 2004, to serve as the Chief Financial Officer of defendant The Coe Group and each of the co-defendant subsidiaries. Plaintiff's duties included preparing financial statements and tax returns.

During 2004 and 2005, plaintiff objected to defendants' financial and accounting practices. Plaintiff reported regularly to an associate of co-defendant Three Cities Research (TCR), Frederico Schiffrin, (Schiffrin), and defendants' boards of directors. Together, TCR and the Board of Directors for The Coe Group directed plaintiff's employment duties.

In late 2005 and early 2006, plaintiff advised Schiffrin and the defendants' boards of directors that their tax returns for 2004 were inaccurate, illegal, and needed to be amended. In early 2006, plaintiff advised Schiffrin and the boards of directors that he would be compelled to file a report with the Internal Revenue Service (IRS) if amendments were not filed. Plaintiff also asserted that defendants' tax returns for 2005 needed amendment.

Plaintiff demanded an appropriate reporting that would trigger amended tax filings, and declared that he would not sign the tax returns for co-defendant Coe Newnes/McGehee, Incorporated. Defendants terminated plaintiff in February 2006.

successful, and several motions have remained pending while discovery and settlement efforts were undertaken. This ruling addresses those pending motions.

**BACKGROUND SUMMARY**

The following description highlights aspects of the parties' relationships that have given rise to this suit. Taking plaintiff's allegations as true, plaintiff was hired by defendants on September 7, 2004, to serve as the Chief Financial Officer of defendant The Coe Group and each of the co-defendant subsidiaries. Plaintiff's duties included preparing financial statements and tax returns.

During 2004 and 2005, plaintiff objected to defendants' financial and accounting practices. Plaintiff reported regularly to an associate of co-defendant Three Cities Research (TCR), Frederico Schiffrin, (Schiffrin), and defendants' boards of directors. Together, TCR and the Board of Directors for The Coe Group directed plaintiff's employment duties.

In late 2005 and early 2006, plaintiff advised Schiffrin and the defendants' boards of directors that their tax returns for 2004 were inaccurate, illegal, and needed to be amended. In early 2006, plaintiff advised Schiffrin and the boards of directors that he would be compelled to file a report with the Internal Revenue Service (IRS) if amendments were not filed. Plaintiff also asserted that defendants' tax returns for 2005 needed amendment.

Plaintiff demanded an appropriate reporting that would trigger amended tax filings, and declared that he would not sign the tax returns for co-defendant Coe Newnes/McGehee, Incorporated. Defendants terminated plaintiff in February 2006.

**PENDING MOTIONS**

**1.      Defendants' Motion to Strike Plaintiff's Deposition Changes [28]**

Defendants move to strike plaintiff's "after-the-fact" deposition changes for the purpose of the summary judgment record. Defendants also seek an award of attorney fees because plaintiff made over one hundred changes, many of the changes reversed yes and no answers, and the changes appear calculated to revise damaging testimony that was initially produced without any apparent confusion or mistake.

Motions to strike are regarded with disfavor. *Montecino v. Spherion Corp.*, 427 F. Supp.2d 965, 966-67 (C.D. Cal. 2006) (citation omitted). Matters should not be stricken from a pleading unless it is clear that those matters can have no possible bearing upon the subject matter of the litigation. *Id.* at 967 (citation omitted). When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Securities Litig.*, 114 F. Supp. 955, 965 (C.D. Cal. 2000). Moreover, a court must deny a motion to strike if any doubt exists whether the allegations in the pleadings might be relevant in the action. *Id.*

Federal Rule of Civil Procedure 30(e) permits a deponent to make changes to a transcript for thirty days after being notified that the deposition transcript is available. A party "is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition; minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit." *Messick v. Horizon Ind. Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995) (citation omitted).

However, the Ninth Circuit has rejected attempts to make changes that are "offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (citation omitted).

Plaintiff responds that his amended answers fall short of contradicting deposition testimony and are justified given the context of the deposition and the phrasing of the questions posed to him. Plaintiff asserts that defendants' portrayal of the changes as an improper reversal of testimony mischaracterizes the amendments. Plaintiff also suggests that submitting changes before a dispositive motion has been filed should be deemed less prejudicial.

Plaintiff's opposition to the motion to strike is unpersuasive. Defendants' briefing highlights multiple examples of plaintiff substantially re-writing his deposition testimony without providing sufficient (non-tactical) reasons for the changes. Explaining that he was "able to provide a more complete answer after reading the questions" again after his deposition – but referring to no confusion about the questions posed, or any mistakes in his original answers, or any new evidence that could illuminate or amplify his original answer – is insufficient.

In *Hambleton Bros.*, the Ninth Circuit spoke plainly in holding that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Hambleton Bros.*, 397 F.3d at 1226. It cannot be reasonably disputed that plaintiff's counsel has sought to make unjustified and contradictory changes to plaintiff's deposition transcript, and defendants' motion to strike those corrections for purposes of the summary judgment record is granted.

This court declines to exercise its discretion to award fees or costs as requested by defendants.

### 2.     Stipulated Motion to Dismiss Selected Claims [59]

Plaintiff and defendants have stipulated to dismissing plaintiff's first claim, brought under Oregon's "whistleblower" statute (O.R.S. 659A.230) and plaintiff's second claim, asserting wrongful discharge.  This motion is granted.  Plaintiff 's two remaining claims are: (1) the Third Claim for Relief alleging that defendants breached various employment agreements with plaintiff to provide him equity, bonuses, and additional salary and (2) the Fourth Claim for Relief alleging that defendants failed to pay the resulting wages for such claims on time.

### 3.     Motion to Compel Production of Documents [60]

Plaintiff moves to compel two types of documents: (1) documents that defendants describe as involving privileged communications between defendants' representatives and Barry Bergh, the Coe defendants' former in-house counsel and outside legal consultant; and (2) documents that were allegedly improperly taken by Bergh from the Coe defendants.

Although defendants raise a number of possibly meritorious objections to this discovery request, these objections need not be reached.  Defendants have represented to plaintiff that the documents at issue are unrelated to the remaining claims.  This court's examination of the briefing filed in support of plaintiff's motion, the claims presently at issue, and the declarations submitted on behalf of defendants, establishes that the motion to compel pertains to documents that are not relevant to plaintiff's current claims and which could not lead to additional relevant evidence for trial.  Accordingly, plaintiff's motion is denied without prejudice.  Upon a substantive showing by plaintiff that the scope of the discovery requested is permissible under Federal Rule of Civil Procedure 26(b), plaintiff may renew this discovery request and, if necessary, pursue appropriate discovery motions.

4.      **Motion for Extension of Discovery Deadlines For Limited Purpose [63]**

Plaintiff filed a related motion requesting an extension of discovery deadlines in the event that his motion to compel (addressed above) were granted. This motion is denied as moot.

5.      **Defendants' Motion for Summary Judgment [65]**

Defendants advanced a motion seeking summary judgment. Defendants obtained an extension for purposes of filing a Reply brief in support of this motion. Before this deadline expired, defense counsel moved to withdraw (see below). Perhaps relatedly, defendants' Reply brief in support of defendants' summary judgment motion has yet to be filed. This motion will be held in abeyance pending the parties' compliance with this Order.

6.      **Defendants' Motion to Withdraw as Counsel [110]**

Defense counsel from the firm Stoll, Stoll, Berne, Lokting & Shlachter, of Portland, Oregon, move to withdraw because of a possible ethical conflict. This motion is granted in part. The court acknowledges that defendant Three Cities Research, Incorporated, has retained new counsel. The remaining defendants are given thirty days from the date of this ruling to retain representation, provide Notices of Attorney Substitution, or file a Status Report indicating their intentions regarding representation. This Report must address whether this action has settled or is in settlement negotiations, and whether representation is necessary to litigate the issues related to the filing of settlement documents (see below). The Report must be signed by the withdrawing counsel, and any new counsel that has been retained.

7.      **Plaintiff's Motion to File Documents Under Seal [119]**

Plaintiff moves to for an Order "authorizing the filing under seal of the materials tendered herewith subsequent to in camera consideration by the court, in order to protect the confidential nature of the resolution reached by the parties." Defendant Three Cities Research, Incorporated, has objected, asserting that plaintiff has failed to demonstrate good cause for such an Order. In particular, this defendant contends that plaintiff has failed to show that specific harm or prejudice will result if no Order is issued. *See* Local Rule 26.6. This court agrees. Accordingly, the motion seeking an Order authorizing filing under seal is denied, with leave to renew upon compliance with this court's Local Rules.

**CONCLUSION**

For the reasons provided above, Defendants' Motion to Strike Plaintiff's Deposition Changes [28] is granted; plaintiff's Stipulated Motion to Dismiss Selected Claims [59] is granted; plaintiff's Motion to Compel Production of Documents [60] is denied; plaintiff's Motion for Extension of Discovery Deadlines For Limited Purpose [63] is denied as moot; defendants' Motion to Withdraw as Counsel [110] is granted in part as detailed in this Order, and plaintiff's Motion to File Documents Under Seal [119] is denied with leave to renew.

In addition to the Status Report required of defendants above, plaintiff must also file a Report within thirty days of this Order. This Report shall indicate the status of plaintiff's suit and propose a motion and trial schedule for final disposition of this action.

IT IS SO ORDERED.

Dated this   30   day of September, 2008.

                                            /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                          United States District Judge