UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY DARBUT,

        Plaintiff,

v.                                                                           Civil No. 06-627-HA

THREE CITIES RESEARCH, INC.;
COE FUNDING, INC.; THE COE                          ORDER
MANUFACTURING COMPANY;
COE NEWNES/McGEHEE INC.; COE
NEWNES/McGEHEE CORPORATION; and
COE NEWNES/McGEHEE (2006) LLC,
all foreign business corporations,

        Defendants.
_____

HAGGERTY, District Judge:

        Pending before this court is plaintiff's Motion to Confirm an Arbitration Award [126].

Defendant Three Cities Research, Inc. (TRC), opposes this motion.

        The remaining defendants – The Coe Manufacturing Company, Coe Newnes/McGehee

(USA) L.L.C., and Coe Newnes/McGehee (2006) L.L.C. (the Coe defendants) – were granted

leave to consider the motion.  These defendants have responded to assert that they take no

position regarding this motion.

1 - ORDER

**BACKGROUND**

The facts pertaining to the current posture of this litigation are largely undisputed. Plaintiff was hired on September 7, 2004, to serve as the Chief Financial Officer of defendant The Coe Group and each of the co-defendant subsidiaries. Plaintiff was terminated on February 21, 2006. Plaintiff's duties included preparing financial statements and tax returns.

During 2004 and 2005, plaintiff reported regularly to an associate of co-defendant TCR, Frederico Schiffrin, (Schiffrin), and to defendants' boards of directors. Together, TCR and the Board of Directors for The Coe Group directed plaintiff's employment duties.

In late 2005 and early 2006, plaintiff advised Schiffrin and the defendants' boards of directors that their tax returns for 2004 were inaccurate, illegal, and needed to be amended. In early 2006, plaintiff advised Schiffrin and the boards of directors that he would be compelled to file a report with the Internal Revenue Service (IRS) if amendments were not filed. Plaintiff also asserted that defendants' tax returns for 2005 needed amendment. Plaintiff "demanded an appropriate reporting" that would trigger amended tax filings, and declared that he would not sign the tax returns for co-defendant Coe Newnes/McGehee, Inc.

Defendants terminated plaintiff in February 2006. In March 2006, plaintiff reported defendants' 2004 tax errors to the IRS. This action was filed on May 2, 2006. In early 2007, defendants' Motion to Dismiss was denied. After multiple extensions and several discovery disputes, plaintiff filed a Motion to Compel on November 1, 2007. Defendants filed a Motion for Summary Judgment on November 2, 2007. The parties obtained additional extensions to complete the briefing on these motions.

In April 2008, the parties' efforts in mediation to resolve the underlying claims in this action resulted in a written agreement. Decl. Of Robert F. Blackmore in Supp. of Mot. Confirm

2 - ORDER

Arb. (Blackmore Decl.).  The parties referred to their agreement as the Terms of Settlement.
Blackmore Decl., Ex. 1.

The Terms of Settlement (Settlement) defined the parties as plaintiff and "all defendants,
including any of their related entities, principals, partners, employees, insurers, etc (as broadly as
possible)." *Id*.  The Settlement provided that all parties "as defined above" would enter into a
mutual general release in which defendants would pay plaintiff $220,000.  *Id*.  Moreover, the
parties expressly agreed that "Susan Hammer is sole and final arbiter of any disputes over the
drafting of the formal settlement agreement and the interpretation and enforcement of the parties'
agreement." *Id*.

A dispute arose about the Settlement.  Susan Hammer (Hammer) evaluated the dispute,
and considered written argument submitted by counsel for plaintiff and TCR.  On June 6, 2008,
Hammer issued an Arbitration Award that determined in relevant part that the Settlement was
enforceable as the full and complete agreement of the parties, and that plaintiff's award of
$220,000 was enforceable against all defendants, including TCR.  Pl.'s Reply at 2-3 (citing
Blackmore Decl., Ex. 2).

In September 2008, this court issued rulings regarding discovery disputes, extension
requests, and defense counsel's requests to withdraw.  Plaintiff then filed a Motion to Confirm
Arbitration Award.

The motion is opposed by TCR.  New counsel for the Coe defendants sought leave to
have additional time to review the motion, and now advise the court that these defendants take
no position on the motion.

3 - ORDER

Plaintiff was permitted to file a supplemental brief by February 20, 2009. The motion was taken under advisement as of that date when plaintiff elected to waive filing a supplemental brief.

**ANALYSIS**

Plaintiff contends that the arbitration process was valid and that the resulting award should be enforced. Co-defendant TCR responds that "no arbitration occurred in this case" and plaintiff should not be entitled to enforce what TCR views as "the outcome of the informal post-mediation interactions between the parties. . . ." Resp. at 1.

The objections to enforcement that are grounded in a denial that a settlement was reached is overruled. There is no reasonable dispute that all defendants and plaintiff entered into mediation and executed an agreement that (1) resolved the claims in this action, and (2) expressly authorized Hammer to serve as sole and final arbiter of any disputes over the drafting of the formal settlement agreement and the interpretation and enforcement of the parties' agreement.

The second argument asserted by TCR is that the settlement terms are "tainted by legal error." Resp. at 2. The alleged error arose, TCR contends, after the Coe defendants "unexpectedly repudiated their obligation to pay" plaintiff, despite the "mutual understanding of all the parties" that the Coe defendants "would be solely responsible. . . ." *Id*. at 3. Hammer erred, argues TCR, by refusing to allow TCR to present extrinsic evidence to clarify the meaning of the Settlement. *Id*. at 5.

This argument relies upon a broad interpretation of Oregon statutory law regarding when evidence of "circumstances" may be presented to place a judge "in the position of those whose language the judge is interpreting." Or. Rev. Stat. (ORS) 42.220. That statute provides:

4 - ORDER

> In construing an instrument, the circumstances under which it was made,
> including the situation of the subject and of the parties, may be shown so that the
> judge is placed in the position of those whose language the judge is interpreting.

The question of extrinsic evidence in the interpretation of a contract is one of substantive law. *Abercrombie v. Hayden Corp.*, 883 P.2d 845, 850 (Or. 1994) (Oregon law determines the role of extrinsic evidence in contract interpretation). In *Abercrombie*, the Oregon Supreme Court recognized that trial courts could consider parol and other extrinsic evidence to determine whether the terms of an agreement are ambiguous. *Id*. at 853.

The court relied on ORS 42.220 in that decision, and in subsequent decisions developed a three-step analysis to interpret disputed contractual provisions. *See, e.g., Yogman v. Parrott*, 937 P.2d 1019, 1023 (Or. 1997). Step one requires a court to examine "the text of the disputed provision, in the context of the document as a whole." *Id*. at 1021. "If the provision is clear, the analysis ends." *Id*.

In this case, the provisions of the parties are perfectly clear. *All defendants* agreed to pay plaintiff $220,000, and further agreed that Hammer would resolve any subsequent disputes. There is no need to advance to the second and third steps of the Oregon courts' analysis for resolving contractual ambiguity. Although that analysis – as TCR points out – may, pursuant to ORS 42.220, sometimes encompass consideration of the circumstances under which an agreement was made, such consideration is unwarranted here. There is no need to consider the circumstances under which these parties plainly agreed to settle this action by having "all defendants" pay plaintiff $220,000. This rejection of TCR's interpretation of ORS 42.220's scope is in accord with recent Oregon court decisions. *See Batzer Constr., Inc. v. Boyer*:

> *Abercrombie* does not stand for the proposition that any extrinsic evidence may
> be considered in determining whether a term is ambiguous. Rather,
> *Abercrombie's* reliance on ORS 42.220 as support for its statement makes clear

5 - ORDER

that the extrinsic evidence that may be considered is limited to the circumstances under which the agreement was made.

129 P.3d 773, 777 (Or. App. 2006) (citations omitted).

The extrinsic evidence TCR wishes to present appears to pertain to explanations that might persuade an arbiter or a judge to believe that the parties did not intend what their agreement expressly states – that all defendants would pay plaintiff, and that Hammer would resolve any subsequent disputes about the parties' agreement. Such evidence does not relate "to the circumstances under which the contract was made" and so is not admissible under ORS 42.220. *See Webb v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 207 F.3d 579, 582-83 (9th Cir. 2000) (no extrinsic evidence should be considered by the court at step one of the *Yogman* analysis).

**CONCLUSION**

Defendant TCR's objections are overruled. The Motion to Confirm [126] is granted. Defendants' Motion for Summary Judgment [65] is denied as moot. Plaintiff shall file a proposed Order enforcing the Settlement and a proposed Judgment and by April 24, 2009.

IT IS SO ORDERED.

Dated this   30    day of March, 2009.

        /s/ Ancer L. Haggerty
        Ancer L. Haggerty
        United States District Judge

6 - ORDER